IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS


JOHN J. TANK,

            Plaintiff,

        vs.                                **Case No. 11-2439-RDR**

SHAUN DONOVAN and
JULIE TUDOR,

            Defendants,

_____

**MEMORANDUM AND ORDER**

This matter is presently before the court upon the motion of defendants Shaun Donovan, Secretary of Housing and Urban Development (HUD), and Julie Tudor, Public Housing Revitalization Specialist in HUD's Kansas City Regional Office, to dismiss or, in the alternative, for summary judgment. Having carefully considered the arguments of the parties, the court is now prepared to rule.

I.

On August 8, 2011 plaintiff, proceeding *pro se*, commenced this action against the instant federal defendants, six other defendants (non-federal defendants), and two "John Doe" defendants. In his complaint, plaintiff indicates that he is a former resident of Plaza Towers in Kansas City, Kansas. Plaintiff has alleged in his complaint that Plaza Towers is managed by HUD. Plaintiff raises various complaints of actions that were taken by the defendants and others during his residency. The exact nature of the claims is difficult to discern, but he has summarized them as follows: "1.

The invasion of the plaintiff's home without due process as required by Kansas law and protected by federal law and the Constitution Amendment IV.  2. No notices and abuse of notices.  3. Invasion of confidential information and right of privacy.  4. Right to drink alcoholic drinks on property."  He further states: "This complaint is not against the U.S. Government but the extortion and denial of rights granted by the United States Constitution and the laws of the land.  This action is against people in positions of authority going beyond the color of authority in their remands and actions to the point of abuse and invasion of other's rights and privacy.  This abuse has been in form of blackmail and 'it will be done as I demand or else.'"

The court dismissed plaintiff's claims against the non-federal defendants on January 25, 2012.  In the order, the court stated:

> Plaintiff has asserted that he believes he was treated unfairly on several occasions during his residency. He, however, has failed to sufficiently state how that treatment constitutes a violation of federal or state law. Even the particulars of his alleged unfair treatment are difficult to discern. Moreover, plaintiff has failed to even assert any unfair or improper actions by some of the defendants. In sum, the court finds it necessary to grant defendants' motion to dismiss. The court finds that plaintiff has failed to state a claim against any of these defendants upon which relief could be granted. Even when viewed liberally, plaintiff's complaint fails to contain enough facts to state a claim to relief that is plausible on its face.

II.

In the instant motion, the federal defendants seek dismissal for failure to state a claim upon which relief can be granted and

lack of subject matter jurisdiction. The federal defendants initially argue that plaintiff's constitutional claims should be dismissed for lack of subject matter jurisdiction because they are barred by sovereign immunity. They further argue that plaintiff's constitutional claims, as well as his civil rights and privacy claims, should be dismissed for failure to state a claim. In the alternative, they contend they are entitled to summary judgment on them. Finally, they contend that any claim asserted by plaintiff under Kansas law should be dismissed for failure to state a claim on which relief can be granted.

III.

In ruling on a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. Robbins v. Oklahoma,

519 F.3d 1242, 1247–48 (10th Cir. 2008).   "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [his] claims across the line from conceivable to plausible.'"   Id. (quoting Twombly, 550 U.S. at 570).   Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."   Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

Because plaintiff is proceeding *pro se*, the court construes his pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers.   Erickson v. Pardus, 551 U.S. 89, 94 (2007); McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001).   Liberal construction does not, however, "'relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.'"   Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation omitted). The court need not accept as true those allegations that state only legal conclusions.   See id.

IV.

The court has carefully reviewed plaintiff's complaint.   We

4

have previously noted that plaintiff's complaint is "virtually impossible to decipher." The nature of his claims is difficult to determine. Plaintiff raises a variety of complaints, but does little to demonstrate a violation of federal or state law. He has failed to adequately address the arguments asserted by the federal defendants in the instant motion in his response. Rather, he has suggested that these defendants have not properly served him with the instant motion or other documents. The court finds no merit to this contention. The pleadings filed by plaintiff indicate that he has received copies of the defendants' motion and other pleadings. He has suggested that the court should simply "proceed" to trial. This we cannot do. The court finds that the arguments offered by the federal defendants have merit. The constitutional claims asserted by the plaintiff against the federal defendants are barred by sovereign immunity. Atkinson v. O'Neill, 867 F.2d 583, 590 (10th Cir. 1989). The other claims--whether asserted as civil rights claims, privacy claims or claims under state law--fail to state a claim upon which relief can be granted. Even when viewed liberally, plaintiff's complaint fails to contain enough facts to state a claim to relief against these defendants that is plausible on its face. In sum, the court finds it necessary to grant defendants' motion to dismiss.

V.

The court shall also dismiss, without prejudice, plaintiff's

allegations against the "John Doe" defendants.  These defendants remain unidentified and have yet to be served with a summons and copy of the complaint.  Since more than 120 days have passed since plaintiff filed the complaint, the court dismisses these defendants without prejudice pursuant to Fed.R.Civ.P. 4(m).

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. # 42) be hereby granted.  Plaintiff's claims against defendants Shaun Donovan and Julie Tudor are dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

**IT IS FURTHER ORDERED** that the "John Doe" defendants be hereby dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m).

**IT IS SO ORDERED.**

Dated this 11th day of April, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

6